**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VIDAH SAEED, | ) | **Case No.** |
| | ) | |
| Plaintiff, | ) | **Judge:** |
| | ) | |
| vs. | ) | |
| | ) | |
| AMERICAN TRAFFIC SOLUTIONS, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendant American Traffic Solutions, Inc. ("ATS"), by counsel, hereby gives notice of the removal of the action styled *Vidah Saeed v. American Traffic Solutions, Inc.*, Case No. CV 14 828706, currently pending in the Court of Common Pleas, Cuyahoga County, Ohio.  As grounds for removal, ATS states as follows:

**I.      THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.**

1.      The Plaintiff Vidah Saeed ("Plaintiff") commenced this action by filing its Complaint against ATS in the Court of Common Pleas, Cuyahoga County, Ohio, on or about June 20, 2014.  This action was assigned Case No. CV 14 828706.

2.      ATS was served with a Summons and a copy of the Complaint on or about June 27, 2014.

3.      Copies of all process, pleadings, and orders that to the best of ATS' knowledge and belief have been served upon or by ATS as of the date of this Notice are attached hereto as Exhibit 1.  *See* 28 U.S.C. § 1446(a).

4.      This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), as this is the District Court embracing the Court of Common Pleas, Cuyahoga County, Ohio, where Plaintiff's Complaint is pending.  *See* 28 U.S.C. § 115.

5.      This Notice of Removal is timely under 28 U.S.C. § 1446(b)(1), as it is being filed within 30 days after receipt of service by ATS.

6.      Pursuant to 28 U.S.C. § 1446(d), ATS is filing a written Notice of Removal to Federal Court with the Clerk of the Court of Common Pleas, Cuyahoga County, Ohio, where Plaintiff's Complaint is pending.  Copies of this Notice of Removal and the written notice of the same provided to the state court are also being served upon Plaintiff in accordance with 28 U.S.C. § 1446(d).

## II.      THIS COURT HAS SUBJECT MATTER JURISDICTION.

7.      This action is removable from state court to the federal court on the grounds that the Plaintiff alleges one or more claims: (1) "arising under the Constitution, laws, or treaties of the United States"; 28 U.S.C. § 1331; (2) seeking "[t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States"; 28 U.S.C. § 1331;

- 2 -

and/or (3) seeking "[t]o . . . secure equitable or other relief under any Act of Congress providing for the protection of civil rights . . . ."  28 U.S.C. § 1343(a)(4).

8.     Among other things, the Complaint alleges that ATS violated Plaintiff's rights under the U.S. Constitution.  (Complaint at ¶¶ 2–6.)  Specifically, Plaintiff alleges that ATS violated Plaintiff's civil rights and due process rights.  (*Id.*)

9.     ATS denies all of the allegations in the Complaint.  Nevertheless, because the issues raised directly implicate questions of federal law, removal of all federal claim(s) and any pendent state law claims is appropriate under 28 U.S.C. § 1441, 28 U.S.C. § 1443, and/or 28 U.S.C. § 1367.

10.     In addition, at the time this action was commenced, at the present time, and at all times material to this action, ATS was, is and has been a company organized under the laws of the state of Kansas with its principal place of business in Tempe, Arizona.

11.     At the time this action was commenced, Plaintiff was a resident of Cuyahoga County, Ohio.  *See* Complaint, Exhibit 1, Caption & ¶ 5.

12.     At no time material to this action were Plaintiff and ATS citizens of the same state.  Therefore, complete diversity of citizenship exists as required by 28 U.S.C. § 1332.

13.     As shown by the Complaint in this action, the amount in controversy exceeds $75,000, exclusive of costs and interest.  *See, e.g.*, Complaint, Prayer.  For instance, the Complaint seeks $5,000,000 in damages from ATS.

14.     Jurisdiction is therefore also proper in this Court pursuant to 28 U.S.C. § 1332, which provides that the United States District Courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."

- 3 -

15.    As of the date of removal, ATS has not filed a responsive pleading or motion.  By filing this Notice of Removal, ATS does not waive, and fully reserves all defenses it may have, including but not limited to, failure to state a claim upon which relief may be granted.

WHEREFORE, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, ATS respectfully removes this action from the Court of Common Pleas, Cuyahoga County, Ohio to the United States District Court for the Northern District of Ohio, and prays the Court assume jurisdiction of this action and issue such further orders and relief as justice requires.

Respectfully submitted,


*s/ Felix M. Czernin*
Richard S. Gurbst (0017672)
*richard.gurbst@squirepb.com*
F. Maximilian Czernin (0087485)
*max.czernin@squirepb.com*
SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114
Telephone: +1 216 479 8500
Facsimile: +1 216 479 8780

*Counsel for Defendant American Traffic Solutions, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that Defendant American Traffic Solution's Notice of Removal was served by U.S. mail this 22nd day of July, 2014, upon the following:

> Vidah Saeed
> 1617 Allegheny Circle
> East Cleveland, Ohio 44112
>
> *Pro Se Plaintiff*

*s/ Felix M. Czernin*
*One of the Attorneys for Defendant*
*American Traffic Solutions, Inc.*