UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| VIDAH SAEED, | ) | CASE NO. 1:14 CV 1616 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| AMERICAN TRAFFIC SOLUTIONS, INC., | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

     This action was originally filed in the Cuyahoga County Court of Common Pleas by Plaintiff *pro se* Vitah Saheed against Defendant American Traffic Solutions, Inc. The Complaint asserts Defendant has violated Plaintiff's constitutional rights, including his right to due process and equal protection, by virtue of the operation of traffic cameras in the City of East Cleveland. Defendant timely and properly removed the case to this Court on July 22, 2014.

     Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders naked assertion devoid of further factual enhancement. *Id.* It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*

Plaintiff's case arises, if at all, under 42 U.S.C. § 1983. In *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), the Supreme Court stated that "the initial inquiry [in a section 1983 action] must focus on whether the two essential elements ... are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States."

There is simply no indication that Defendant might have acted under color of state law. Thus, even liberally construed, the Complaint does not contain allegations reasonably suggesting Plaintiff has a valid claim, *see*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief), and the Court finds this case is therefore appropriately subject to summary dismissal. *See, Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(complaint may be summarily dismissed when claim is not arguably plausible).

Accordingly, this action is dismissed.

IT IS SO ORDERED.

                                      */s/Dan Aaron Polster 7/31/14*
                                      DAN AARON POLSTER
                                      UNITED STATES DISTRICT JUDGE